### York v. Sanborn.

Where personal property attached in mesne process is sold on the writ under the statute
without the defendant's consent, and the defendant recovers judgment in the suit, the
officer, who made the sale, is accountable to the defendant for the whole proceeds of
the sale, and cannot retain for his expenses in selling.

In such case, if the proceedings were regular under the statute, the officer is not liable
in trover for the goods sold.

Where oxen are attached and the officer feeds them on the defendant's hay without his
consent, the defendant, after he has recovered judgment in the suit, may maintain
trover against the officer for the hay.

TROVER for a yoke of oxen, and one and one half tons of hay. The
parties agreed to the following statement of facts :

The oxen were attached by the defendant, a deputy of the sheriff, on
the 29th of November, 1862, on a writ in favor of one Tabor and wife,
against this plaintiff. On the 11th of December, 1862, the plaintiff in
that suit made application for an examination and sale under the statute,

and the oxen, after regular proceedings under the statute, were sold by the officer at public auction, on the 7th of January, 1863, for sixty dollars, the fees and charges of sale being $28.51. The action, Tabor and wife against York, was duly entered, and after a trial had, York recovered judgment for his costs of that suit. Sanborn has always been, and still is, ready to pay over to York the balance in his hands of the amount received on the sale of the oxen, after deducting the expenses of the sale, which York has declined to receive.

From the time of the attachment until the sale, the oxen were, against his wishes, kept at York's barn, where they were attached, and, against his wishes, fed on his hay, and the hay sued for is that consumed by the oxen as aforesaid. No application was made by York for the sale of the oxen, nor was any receipt offered for them.

Upon the foregoing facts, judgment is to be rendered for the plaintiff or defendant, as the court may order, and if for the plaintiff, the damages are to be assessed by the jury.

*B. P. Cilley*, for the plaintiff.

*Morrison. & Stanley*, for the defendant.

PERLEY, C. J. The defendant claims the right to retain the expenses of selling the oxen under sec. 32 of ch. 184 Revised Statutes, which is in these terms : "In case attachments on any property are dissolved, or, if the same has been sold, the money arising from the sale thereof, deducting the charges and expenses of the sale, shall be restored to the debtor or his personal representative, upon request."

Property attached in mesne process is held to apply on judgments until thirty days after they are recovered by the plaintiffs ; and the statute also contemplates certain cases where, though the suit was properly instituted and the defendant was a debtor to the plaintiff, the attachment may be dissolved before any judgment is rendered; as, for instance, where the defendant dies pending the suit, and his estate is administered as insolvent. In such a case, it is reasonable, the suit having been instituted for a just debt, that the expenses down to the time when the attachment is dissolved should be charged on the fund, as they are by the statute.

The section quoted evidently relates to the case where the suit was commenced for a just debt ; for it is to the *debtor*, or his representative, that restitution is to be made. To hold that a defendant, whose property has been attached in a suit on an unfounded claim, and who has recovered judgment for his costs against the plaintiff, must bear the loss caused by the expenses of the attachment, would be so unreasonable and unjust that we should not come to such a conclusion unless the terms of the law were so plain that there could be no mistake as to the legislative intention. Looking to the subject-matter of this provision for deducting the expenses of a sale when goods are sold in mesne process, and following the language of the statute, which provides for restitution to the *debtor*, or his representative, and thereby implies that the provision

relates only to the case where the suit was instituted for a debt due by the defendant to the plaintiff, and not to the case where it has been established by a judgment in favor of the defendant that the suit was unfounded and no debt was due, we think that in a case like this, where the sale was made without the consent of the defendant, and he has recovered judgment against the plaintiff, the officer, who sold the goods, must account to the defendant for the whole amount received on the sale without any deduction for the expenses of the sale.

For the hay, there can be no doubt of the plaintiff's right to recover in this form of action. Even if, as the defendant maintains, the plaintiff was bound to feed his oxen while they were under attachment, this would give the officer no right to take the plaintiff's hay to feed them without his consent; and admitting the authorities cited on this point to be law in this State, they apply, it would seem, to cases where the attachments were made in suits properly instituted for a good cause of action, and not to cases where the defendants recovered judgment. *Phelps* v. *Campbell*, 1 Pick. 61.

We are of opinion that the plaintiff, in the proper form of action, is entitled to recover the whole amount received on the sale of the oxen with interest. But there is a technical difficulty in the way of his maintaining this action of trover for the oxen, which is insurmountable. The attachment was warranted by the process, and the sale was regular under the statute. The officer cannot be charged as a wrong-doer for that which the law authorized and required him to do. He cannot, therefore, be liable in trover for attaching and selling the oxen under the statute; and he could not be guilty of a conversion after the sale, because by the sale the possession and control of the oxen passed from him by his legal act to the purchaser. The title, also, of the plaintiff, in the oxen, ceased on the sale, and vested in the purchaser.

The result is, that the plaintiff is entitled to recover in this action of trover for the hay, but not for the oxen.